

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,088-01

### EX PARTE MATTHEW WHITE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2014-CR-8425B-W1 IN THE 399TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam*. YEARY, J., *not participating*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of injury to a child - SBI and sentenced to thirty-five years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because counsel incorrectly advised Applicant that (1) even though the judge was going to tell him he could not appeal, there is always a way to appeal, and (2) that Applicant's case was not aggravated so he would be eligible for parole in two to five years.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*,

466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. Counsel has provided an affidavit. However, it is this Court's opinion that more information is needed before this Court can render a decision on the aforementioned grounds for review, and because this Court cannot hear evidence, *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 21, 2018
Do not publish